HENRY D. MADSEN
MADSEN LAW OFFICES, PC
1044 Northwest Blvd., Suite B
Coeur d'Alene, ID 83814
Telephone: (208) 664-8080
Facsimile: (208) 664-6258
Email: hm.madsenlaw@outlook.com

Attorney for Danny Watts

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DANNY WATTS, a married person,<br><br>Plaintiff,<br>vs.<br><br>STARBUCKS CORPORATION, a Washington corporation; and STARBUCKS COFFEE COMPANY STORE #11259 PONDERAY IDAHO and DOES I-V,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES** |

COMES NOW, Plaintiff, Danny Watts, by and through his attorney, Henry D. Madsen of Madsen Law Offices, P.C., and complains and alleges as follows:

### I.   PARTIES, JURISDICTION AND VENUE

1.1   At the time of the incident, Plaintiff was a resident of Auburn, King County, Washington.  Plaintiff is now a resident of Yakima, Yakima County, Washington.

**COMPLAINT FOR DAMAGES   1**

1.2     The incident in question took place at the Starbucks Coffee Company Store #11259 located at 477100 Highway 95, Suite E in Ponderay, Idaho.

1.3     Defendant Starbucks Corporation is and at all time pertinent herein, a corporation licensed to conduct business in the State of Idaho and is conducting business within the City of Ponderay, County of Bonner, State of Idaho.

1.4     At all materials times, Plaintiff was a lawful business invitee of the subject business.

1.5     At all times material hereto Defendants' employees, agents and/or servants were acting in the course, scope and authority of their employment for Defendants.

1.6     Defendants John Does I-V are individuals or entities at the present unknown to the Plaintiff who may be liable to the Plaintiff. Upon ascertaining the identities of such Defendants, the Plaintiff will seek leave to amend the complaint if necessary.

## II.     FACTS

2.1     On or about July 4, 2015, on his way to a friend's wedding, Plaintiff entered Starbucks Store #11259 in Ponderay, Idaho as a of business invitee. Plaintiff ordered two drinks. A Starbucks employee poured Urnex into a cup, put a lid on the same hiding the fact it was a chemical and not Plaintiff's usual cup of coffee and handed the cup to Plaintiff.

2.2     While still in the store, Plaintiff took a big gulp of the coffee so that it would not spill in his vehicle. Immediately Plaintiff felt nauseous and rather than regurgitating what he had drank in front of the other customers ran into the bathroom and began throwing up.

2.3     Plaintiff, now late for the wedding, left the store and went directly to the wedding but became nauseous and had to leave the wedding to go to the emergency room at Bonner General Hospital.

2.4     While at the emergency room, as he did not know what he drank, the emergency room physician went on-line to Starbucks' web page and after search therein could not locate what Starbucks used to clean their coffee pots nor any warning or instructions as to what to do if coffee pot cleaner was ingested by a patron.

2.5     That the emergency room Physician called the Ponderay Starbucks store to find out what Plaintiff ingested but could not get the information needed to identify what they had served him.

2.6     That based upon the lack of information, the emergency room doctor was afraid to treat Plaintiff for fear of further complications.

2.7     Upon information and belief, the cup provided to him contained the cleaning chemical used to clean coffee pots, possibly Urnex.

2.8   Urnex is classified under the FDA and or OSHA as a caustic chemical.

2.9   The coffee pot containing the Urnex was on the service line with other coffee pots containing coffee.

2.10   It is of information and belief that the coffee pot under cleaning was not tagged to insure that the poison would not be served to its invitees.

2.11   Store employees informed Plaintiff that the employee serving the coffee to Plaintiff is color-blind and did not notice the liquid he was pouring was not the usual brown color that is typical for coffee.

2.12   Further, store employees did not have information on hand as to what to do if the Urnex was ingested.

2.13   When Plaintiff sought treatment, there was no information provided to Plaintiff as to what chemical Defendant had served him to allow medical providers to adequately treat Plaintiff.

2.14   Plaintiff could do nothing for treatment and lay in extreme agony at his home for months until his symptoms alleviated.

2.15   Plaintiff ingested the toxic substance created by Starbucks, sustaining severe damage to his person, including but not limited to erosive esophagitis, gastritis and duodenitis secondary to chemical burn; nausea, epigastric pain, loose

stools, excessive gas, fecal urgency and incontinence and occasional blood in his stool.

### III. FIRST CAUSE OF ACTION
### NEGLIGENCE

3.1  Plaintiff hereby incorporates and re-alleges each and every allegation set forth in paragraphs I through II above as though fully set forth at length.

3.2  Defendants owed a duty of care to Plaintiff as a business invitee to protect Plaintiff from harm.

3.3  Defendants breached its duty by serving Plaintiff a cleaning chemical in a cup.

3.4  As a result of the breach of duty, Plaintiff suffered injuries to his entire digestive system, as well as, emotion distress and anxiety.

3.5  Plaintiff has suffered and continues to suffer special and general damages including, but not limited to: loss of income and benefits; medical expenses; physical injury; future medical expenses; severe mental and emotional distress; pain and suffering; and loss of enjoyment of life; the exact amount of which is unknown but for which Plaintiff shall be entitled to recover upon proof.

### IV. SECOND CAUSE OF ACTION
### NEGLIGENT SUPERVISION OF EMPLOYEES

4.1  Plaintiff hereby incorporates and re-alleges each and every allegation set forth in paragraphs I through III above as though fully set forth at length.

4.2     Defendants owed a duty to Plaintiff to supervise its employees.

4.3     Defendants breached its duty when an employee served Plaintiff a cup of cleaning chemicals.

4.4     As a direct and proximate result of Defendants' failure to supervise its employees, Plaintiff has suffered and continues to suffer special and general damages including, but not limited to: loss of income and benefits; medical expenses; physical injury; future medical expenses; severe mental and emotional distress; pain and suffering; and loss of enjoyment of life; the exact amount of which is unknown but for which Plaintiff shall be entitled to recover upon proof.

## V.     THIRD CAUSE OF ACTION
## NEGLIGENT TRAINING

5.1     Plaintiff hereby incorporates and re-alleges each and every allegation set forth in paragraphs I through IV above as though fully set forth at length.

5.2     Defendants were negligent in training its employees.

5.3     Defendants' employees should have been trained on the dangerous condition when using cleaning chemicals and failed to take adequate steps to prevent injury to Plaintiff.

5.4     Defendants breached that duty, and Plaintiff was proximately harmed as a result.

5.5     As a direct and proximate result of Defendants' negligent training, Plaintiff has suffered and continues to suffer special and general damages

including, but not limited to: loss of income and benefits; medical expenses; physical injury; future medical expenses; severe mental and emotional distress; pain and suffering; and loss of enjoyment of life; the exact amount of which is unknown but for which Plaintiff shall be entitled to recover upon proof.

### VI. FOURTH CAUSE OF ACTION
### RESPONDENT SUPERIOR

6.1    Plaintiff hereby incorporates and re-alleges each and every allegation set forth in paragraphs I through V above as though fully set forth at length.

6.2    Defendants have control over the business, including the work of the employees.

6.3    Defendants stand to profit from the employee's services.

6.4    Employees of Defendants were acting in the course of his/her employment.

6.5    Employees of Defendants negligently served a coffee cup containing a cleaning solution to Plaintiff.

6.6    Defendants had control of the employees during all times relevant to this incident and thereafter.

6.7    Defendants failed to use reasonable care to protected Plaintiff from hazards that were within Defendants' control.

6.8    Defendants' breach of this duty caused damage to Plaintiff.

6.9    As a direct and proximate result of Defendants' failure to use reasonable care, Plaintiff has suffered and continues to suffer special and general damages including, but not limited to: loss of income and benefits; medical expenses; physical injury; future medical expenses; severe mental and emotional distress; pain and suffering; and loss of enjoyment of life; the exact amount of which is unknown but for which Plaintiff shall be entitled to recover upon proof.

## VII.  FIFTH CAUSE OF ACTION
## VIOLATION OF IDAHO FOOD CODE

7.1    Plaintiff hereby incorporates and re-alleges each and every allegations set forth in paragraphs I through VI above as though fully set forth at length.

7.2    Idaho State Board of Health and Welfare is authorized under Sections 37-121 and 39-1603 of the Idaho Code, to adopt rules for the regulation of food establishments to protect public health.

7.3    IDAPA 16.02.19 outlines Food Safety and Sanitation standards for food establishments in Idaho. IDAPA 16.02.19 is also known as the "Idaho Food Code."

7.4    Food Establishments is defined under I.C. 39-1602 which would include Starbuck's stores.

7.5    Under the Idaho Food Code, cleaners and sanitizers are identified as "poisonous or toxic materials" and are not intended for ingestion.

7.6 The Idaho Food Code provides provisions to prevent cross contamination of food and poisonous or toxic materials.

7.7 Under 7-201.11 of the Idaho Food Code, poisonous or toxic materials shall be stored so they cannot contaminate food, equipment, utensils, linens, and single-service and single-use articles by (a) separating the poisonous or toxic materials by spacing or partitioning; and (b) locating the poisonous or toxic materials in an area that is not above food, equipment, utensils, linens, and single-service or single-use articles.

7.8 Defendants had a duty to follow the Idaho Food Code and protect Plaintiff.

7.9 Defendants failed to use reasonable care to protected Plaintiff from poisonous and toxic materials that were within Defendants' control.

7.10 Defendants' breach of this duty caused damage to Plaintiff.

7.11 As a direct and proximate result of Defendants' failure to use reasonable care, Plaintiff has suffered and continues to suffer special and general damages including, but not limited to: loss of income and benefits; medical expenses; physical injury; future medical expenses; severe mental and emotional distress; pain and suffering; and loss of enjoyment of life; the exact amount of which is unknown but for which Plaintiff shall be entitled to recover upon proof.

## VIII. SIXTH CAUSE OF ACTION
## CRIMINAL INTENT TO POISON

8.1 Plaintiff hereby incorporates and re-alleges each and every allegations set forth in paragraphs I through VII above as though fully set forth at length.

8.2 Under Idaho Code 18-5501, every person who wilfully mingles any poison with any food, drink or medicine, with the intent that the same shall be taken by any human being, to his injury, and every person who wilfully poisons any spring, well, or reservoir of water, is punishable by imprisonment in the state prison for a term of not less than one (1) norm more than ten (10) years.

8.3 Starbucks has a practice and policy that require that all coffee pots that contain cleaning solution remain on the service line along with the other coffee pots containing coffee to be served to customers.

8.4 Starbucks is aware of other incidents in which customers have been injured by consuming poison from the coffee cleaners.

8.5 Starbucks has not changed their policy, procedures or training to ensure that no other customers will be injured by their negligent practices.

8.6 This willful disregard to the safety of customers is a showing of intent.

8.7 As a result of this willful disregard and intent to poison customers, Plaintiff was injured in amounts to be proven at trial.

## IX.  RESERVATION OF RIGHHT TO PUNITIVE DAMAGES

9.1    Plaintiff hereby incorporates and re-alleges each and every allegation set forth in paragraphs I through VIII above as though fully set forth at length.

9.2    Under Idaho Code §6-1604(2), Plaintiff is entitled to punitive damages for Defendants' outrageous conduct.

9.3    Defendants were aware of the other cases wherein cleaning chemicals were served to customers in the past and took no measures to prevent its reoccurrence.  Upon investigation, this type of incident has occurred at least twice – *Kingery v. Starbucks* filed under 1:15-CV-00103-PMW in Northern District Court of Utah and *Stevens v. Starbucks* filed under 15-2-23330-1 in King County Superior Court in Washington.  Plaintiff believes there are other incidents of cleaning chemicals being served to other Starbucks customers.

9.4    Upon information and belief, in those cases cleaning solutions were placed in coffee pots/machines and remained on the line where employees were utilizing other coffee pots/machines.

9.5    Defendants are aware of these prior known incidents and have taken no measures to ensure the safety to its customers.

9.6    As a direct and proximate result of Defendants' failure take necessary measures to ensure that cleaning chemicals are not served to customers, Plaintiff has suffered and continues to suffer special and general damages including but not

limited to: loss of income and benefits; medical expense; physical injury; severe mental and emotional distress; pain and suffering; and loss of enjoyment of life; the exact amount of which is unknown but for which Plaintiff shall be entitled to recover upon proof.

9.7 That based upon the foregoing Defendant's conduct was oppressive, fraudulent, malicious or outrageous.

## X. RESERVATION OF RIGHHT TO SEEK LEAVE OF THE COURT TO LIFT THE CAP ON NON-ECONOMIC DAMAGES.

10.1 Plaintiff hereby incorporates and re-alleges each and every allegation set forth in paragraphs I through IX above as though fully set forth at length.

10.2 Under Idaho Code §6-1603(4)(a) and or (b), Plaintiff is entitled to noneconomic damages in an amount exceeding the maximum under said statute.

10.3 That based upon the foregoing Defendant's conduct amounted to wilful or negligent misconduct and or there is sufficient evidence that this Court can find beyond a reasonable doubt that the misconduct constitutes a felony under state or federal law.

## XI. CONCLUSION

Plaintiff is entitled to damages in an amount to be proven at trial, plus pre- and post-judgment interest, non-economic damages, punitive damages, attorneys' fees and costs, and out-of-pocket expenses directly and proximately caused by

Defendants' breach herein, in an amount to be proven at trial but exceeding $500,000.

## XII. JURY DEMAND

Plaintiff hereby demands a trial by not less than twelve (12) jurors.

## XIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1. That judgment be entered in favor of Plaintiff jointly and severally against Defendants for general and special damages in an amount to be proven at trial, but exceeding $500,000.00;

2. For pre-judgment and post-judgment interest in an amount to be proven at trial;

3. For actual and consequential damages suffered by Plaintiff in an amount to be proven at trial;

4. For Plaintiff's costs and attorney's fees pursuant to I.C. § 12-120 and 12-121, and any and all applicable law;

5. For the right to request punitive damages, pursuant to pretrial motion and after hearing before the court, through amendment of the pleadings, in accordance with Idaho Code § 6-1604(2);

6. For the Court to find and order that Defendant's misconduct was wilful and or reckless and or under the "beyond a reasonable doubt" standard

constituted a felony under State or Federal Law and therefore the maximum dollar amounts prescribed under IC §6-1603 should not apply.

7. For an agreement by Starbucks to change their policies and procedures to change the handling of cleaning coffee pots to ensure that no other customers will be injured in the future;

8. In the event of default, for reasonable costs and attorney's fees in the amount of $5,000.00; and

9. For judgment awarding Plaintiff such other and further relief as the Court deems just and equitable under the circumstances.

DATED this 27 day of June, 2017.

                                                MADSEN LAW OFFICES, P.C.

                                                By: _____
                                                HENRY D. MADSEN
                                                Attorney for Plaintiff
                                                1044 Northwest Blvd, Ste B
                                                Coeur d'Alene, ID 83814
                                                (208) 664-8080
                                                (208) 664-6258 Facsimile

## VERIFICATION

STATE OF WASHINGTON    )
                       )ss.
County of Yakima       )

I, DANNY WATTS, being first duly sworn on oath, deposes and says:

I am the Plaintiff in the above-captioned matter; I have read the forgoing Complaint, know the contents thereof, and believe the same to be true to the best of my knowledge.

_____
DANNY WATTS

SUBSCRIBED AND SWORN to before me this 27th day of June, 2017.

ANGELICA CASTANEDA
Notary Public
State of Washington
My Appointment Expires
Aug 23, 2021

_____
NOTARY PUBLIC
in and for the State of Washington
residing at Yakima County
Commission Expires: Aug 23, 2021

**COMPLAINT FOR DAMAGES  15**