UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DANNY WATTS,<br><br>　　　Plaintiff,<br><br>　　　v.<br><br>STARBUCKS CORPORATION and DOES I–V,<br><br>　　　Defendants. | Case No. 2:17-cv-00272-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. OVERVIEW

The Court has before it two interrelated Motions. First, Defendant Starbucks Corporation has filed a Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) and Idaho Code section 6-1604. Dkt. 17. Second, Plaintiff Danny Watts has filed a Motion for Leave to File a Second Amended Complaint. Dkt. 18.

## II. FACTS

Watts asserts that an employee at a Starbucks in Ponderay, Idaho, served him Urnex, a cleaning chemical, in his coffee cup on or about July 4, 2015. Watts ingested the chemical, believing it was the coffee he had ordered. Watts alleges that his ingestion of the chemical caused him to suffer severe physical injury and pain that lasted for months.

Based on these events, Watts filed the current suit on June 27, 2017. On August 10, 2017, Watts filed an Amended Complaint in which he asserted five causes of action:

MEMORANDUM DECISION AND ORDER –1

(1) negligence; (2) negligent supervision; (3) negligent training; (4) respondent superior; and (5) violation of the Idaho Food Code. Dkt. 7. Among other things, Watt requested general and special damages exceeding $500,000. *Id.* at 13. Watt also "reserved" his right to amend his Amended Complaint to seek punitive damages and "reserved" his right to "seek leave of the court to lift the cap on non-economic damages." *Id.* at 10–12.

On October 20, 2017, Starbucks filed the pending Motion to Dismiss. Dkt. 17. In this Motion, Starbucks asks the Court to dismiss with prejudice Watt's fourth and fifth causes of action and to strike any reference to punitive damages in the Complaint. Along with his response, Watts filed a Motion for Leave to File an Amended Complaint. Dkt. 18. In this Motion, Watts seeks to fix some of the problems Starbucks identified in his original Complaint. After these motions were fully briefed, one of the parties filed a request for reassignment to a district judge. Accordingly, the Court reassigned this case to the undersigned on February 27, 2018. Dkt. 29.

### III. LEGAL STANDARD

*A. Motion to Dismiss*

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a claim if the plaintiff has "fail[ed] to state a claim upon which relief can be granted." "A Rule 12(b)(6) dismissal may be based on either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008) (citation omitted). Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant

fair notice of what the . . . claim is and the grounds upon which it rests." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554 (2007). "This is not an onerous burden." *Johnson*, 534 F.3d at 1121. A complaint "does not need detailed factual allegations," but it must set forth "more than labels and conclusions, and a formulaic recitation of the elements." *Twombly*, 550 U.S. at 555. The complaint must also contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Id.* at 570. In considering a Rule 12(b)(6) motion, the Court must view the "complaint in the light most favorable to" the claimant and "accept[] all well-pleaded factual allegations as true, as well as any reasonable inference drawn from them." *Johnson*, 534 F.3d at 1122.

*B. Motion for Leave to File an Amended Complaint*

Under Federal Rule of Civil Procedure 15(a), a party may amend its pleading once "as a matter of course" before a responsive pleading is served. After that, a plaintiff may amend the complaint only with the written consent of the opposing party or with leave of the court. *Id.*; *see also DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 185 (9th Cir. 1987). However, Rule 15 also instructs the court to grant leave to amend "when justice so requires." Nevertheless, "[a] district court . . . may . . . deny leave to amend due to undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of amendment." *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (internal quotation marks and alteration omitted).

"An amendment is futile when 'no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense.'" *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017) (quoting *Miller v. Rykoff–Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988)). "When a motion to amend is opposed on the grounds that amendment would be futile, the standard of review in considering the motion is akin to that undertaken by a court in determining the sufficiency of a complaint which is challenged for failure to state a claim under the Federal Rules of Civil Procedure, Rule 12(b)(6)." *Arbon Valley Solar LLC v. Thomas & Betts Corp.*, No. 4:16-cv-00070-DCN, 2017 WL 5613009 (D. Idaho Nov. 21, 2017) (quoting *Doe v. Nevada*, 356 F. Supp. 2d 1123, 1125 (D. Nev. 2004)).

## IV. ANALYSIS

### A. Motion to Dismiss

Starbuck's Motion to Dismiss is easily resolved as the parties largely agree. First, Watts agrees with Starbucks that "Count IV of the Amended Complaint should be dismissed with prejudice because respondeat superior is not a separate cause of action in itself." Dkt. 19, at 3 (citing *Bonner v. Alderson*, No. CV02-248-S-LMB, 2005 WL 2333829, at *19 (D. Idaho Sept. 22, 2005) ("'Vicarious liability' or 'respondeat superior' is not a cause of action in itself, but is a means of assigning liability to Union Pacific for the actions of Bonner as to the other common law causes of action.")). Because the parties agree, further analysis is unnecessary and the Court will dismiss this claim with prejudice.

Second, Watts also appears to agree with Starbucks that "Count V of the Amended Complaint should be dismissed with prejudice because the Idaho Food Code does not provide a private cause of action." *Id.* at 4. Instead, Watts seeks to amend his Amended Complaint to reformulate this claim as a negligence per se claim in which the Idaho Food Code created the applicable standard of care. Because of Watts' apparent agreement that the Idaho Food Code, standing alone, does not create a private cause of action and his expressed desire to transform this claim into a negligence per se claim, the Court will dismiss this claim with prejudice. Whether Watts can assert a negligence per se claim based on the Idaho Food Code is a separate issue that the Court will address in the next section.

Finally, Starbucks asks this Court to dismiss without prejudice "Watt's claim for punitive damages" and strike "the punitive damages allegations contained in the Amended Complaint . . . because Watts has failed to comply with Idaho Code § 6-1604." Dkt. 17-1, at 8.

Because this case is before the court based on diversity jurisdiction, Idaho Code section 6–1604(2) applies. *See Windsor v. Guarantee Trust Life Ins. Co.*, 684 F. Supp. 630, 633 (D. Idaho 1988) (holding Idaho Code section 6–1604(2) is substantive in nature and therefore controlling in federal court in a diversity case). "Under Section 6–1604(2), a party cannot make a claim for punitive damages in its prayer for relief; rather, the claim must be made by a pretrial motion to amend." *Doe v. Cutter Biological, a Div. of Miles Inc.*, 844 F. Supp. 602, 610 (D. Idaho 1994). Specifically, Section 6–1604(2) provides as follows:

MEMORANDUM DECISION AND ORDER –5

> [A] party may, pursuant to a pretrial motion and after hearing before the court, amend the pleadings to include a prayer for relief seeking punitive damages. The court shall allow the motion to amend the pleadings if the moving party establishes at such hearing a reasonable likelihood of proving facts at trial sufficient to support an award of punitive damages.

Idaho Code § 6–1604(2).

The Court disagrees with Starbucks' characterization of Watts' reservation of his right to seek punitive damages later in this case. First, this reservation is not a "claim for punitive damages." Second, the Court does not see how Watts has failed to comply with Idaho Code. His Amended Complaint does not "contain[] a prayer for relief seeking punitive damages." *See id.* Even though Watts did not need to reserve his right to seek punitive damages later, the fact that he did so was not improper. Watts is "the master of his complaint," *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009), and, accordingly, he will be permitted to include statements which are not prohibited, even if they are unnecessary. The Court will therefore deny the Motion to Dismiss as it relates to Watts' reservation of the right to seek punitive damages.

### B. Motion for Leave to Amend

Starbucks argues the Court should not permit Watts to amend his Amended Complaint to assert his negligence per se claim because this claim would not survive a motion to dismiss for two reasons: (1) "negligence per se is not properly pleaded as a separate cause of action" and (2) the duty a Starbucks employee allegedly breached "does not directly correspond with the duty set forth in Idaho Code." The Court addresses each of these arguments in turn.

<u>1. Whether Watts can assert negligence per se as a separate cause of action</u>

Starbucks argues that the Court should dismiss Watts' negligence per se claim because "he should not be permitted to recover twice for a single underlying tort." Dkt. 23, at 6. The Court acknowledges that "[n]egligence per se is simply one manner of proving a common law negligence claim." *Steed v. Grand Teton Council of the Boy Scouts of Am., Inc.*, 172 P.3d 1123, 1128 (Idaho 2007). However, this fact does not prevent Watts from pleading a negligence claim and a negligence per se claim in the alternative. In fact, the Federal Rules of Civil Procedure allow such alternative pleadings. Fed. R. Civ. P. 8(d)(2) ("A party may set out 2 or more statements of a claim . . . alternatively or hypothetically, either in a single count . . . or in separate ones."). Moreover, Starbucks has failed to identify a single case in which an Idaho court, either state or federal, has dismissed a negligence per se claim because the plaintiff had also asserted a negligence claim. Finally, there are many cases in which Idaho courts have considered complaints including both negligence and negligence per se claims. *See O'Guin v. Bingham Cty.*, 122 P.3d 308 (Idaho 2005); *see also Millenkamp v. Davisco Foods Int'l, Inc.*, 391 F. Supp. 2d 872, 875 (D. Idaho 2005). Idaho court have also instructed juries on both negligence and negligence per se claims. *See Munns v. Swift Transp. Co.*, 58 P.3d 92, 94–96 (Idaho 2002); *see also Obendorf v. Terra Hug Spray Co.*, 188 P.3d 834, 838 (Idaho 2008). These prior cases, although not directly addressing the question currently before the Court, indicate that such alterative pleadings are permissible under Idaho law. Accordingly, the Court rejects this argument.

    2. Whether the duty a Starbucks employee allegedly breached corresponds with the duty set forth in Idaho Code

MEMORANDUM DECISION AND ORDER –7

Watts' proposed Second Amended Complaint generally alleges that a Starbucks employee violated section 7-201.11 of the Idaho Food Code. "The elements of a common law negligence action are (1) a duty, recognized by law, requiring the defendant to conform to a certain standard of conduct; (2) a breach of that duty; (3) a causal connection between the defendant's conduct and the resulting injury; and (4) actual loss or damage." *O'Guin*, 122 P.3d at 311 (quoting *Black Canyon Racquetball Club, Inc. v. Idaho First Nat'l Bank, N.A.*, 804 P.2d 900, 904–05 (Idaho 1991)). "[I]n Idaho, it is well established that statutes and administrative regulations may define the applicable standard of care owed, and that violations of such statutes and regulations may constitute negligence per se." *Sanchez v. Galey*, 112 Idaho 609, 733 P.2d 1234, 1242 (1986). "The effect of establishing negligence per se through violation of a statute is to conclusively establish the first two elements of a cause of action in negligence. . . ." *Slade v. Smith's Mgmt. Corp.*, 808 P.2d 401, 408 (1991). "In order to replace a common law duty of care with a duty of care from a statute or regulation, the following elements must be met: (1) the statute or regulation must clearly define the required standard of conduct; (2) the statute or regulation must have been intended to prevent the type of harm the defendant's act or omission caused; (3) the plaintiff must be a member of the class of persons the statute or regulation was designed to protect; and (4) the violation must have been the proximate cause of the injury." *O'Guin*, 122 P.3d at 311.

Section 7-201.11 of the Idaho Food Code provides as follows:

STORAGE

**7-201.11 SEPARATION**

POISONOUS OR TOXIC MATERIALS shall be stored so they cannot contaminate FOOD, EQUIPMENT, UTENSILS, LINENS, and SINGLESERVICE and SINGLE-USE ARTICLES by:

(A) Separating the POISONOUS OR TOXIC MATERIALS by spacing or partitioning; and

(B) Locating the POISONOUS OR TOXIC MATERIALS in an area that is not above FOOD, EQUIPMENT. UTENSILS, LINENS, and SINGLE-SERVICE or SINGLE-USE ARTICLES. This paragraph does not apply to EQUIPMENT and UTENSIL cleaners and SANITIZERS that are stored in WAREWASHING areas for availability and convenience if the materials are stored to prevent contamination of FOOD, EQUIPMENT, UTENSILS, LINENS, and SINGLESERVICE and SINGLE-USE ARTICLES.

In sum, this code section provides that poisonous materials must be *stored* in a way so that they cannot contaminate food or equipment.

Starbucks argues this code section does not apply in this case because Watts alleges the Starbucks employee *used* Urnex in an improper way, not that the employee *stored* Urnex in an improper way. Watts specifically alleges that a "coffee pot containing . . . Urnex was on the service line with other coffee pots containing coffee." Dkt. 18-1, at 4. This pot "was not tagged to insure that the poison would not be served." *Id.* A "color-blind" Starbucks employee then "poured Urnex into a cup, put a lid on the same hiding the fact it was a chemical and not Plaintiff's cup of coffee and handed the cup to Plaintiff." *Id.*, at 2, 4.

The Court finds Starbucks' citation to *Albertson v. Fremont County* persuasive. In that case, "Plaintiffs allege that Fremont County breached a duty by failing to properly

maintain the snowmobile trail leading up to the highway." 834 F. Supp. 2d 1117, 1138 (D. Idaho 2011). Plaintiff cited Idaho Code, which in general required locals units of government to maintain "highways" in compliance with federal standards. *Id.* Because the Idaho Code did not require maintenance of "snowmobile trail[s] leading up to the highway," the Court found the plaintiffs could not raise a claim for negligence per se based on Idaho Code, which made federal standards only applicable to highways. *Id.*

Similarly here, "the duty alleged by Plaintiffs does not directly correspond with the duty set forth in the Idaho [Food] Code." *Id.* Plaintiff has alleged that a Starbucks employee improperly used the Urnex, not that the employee improperly stored the Urnex. Watts negligence per se claim is, therefore, not legally cognizable and would not survive a motion to dismiss. Accordingly, the Court will not permit Watts to assert the negligence per se claim in his Second Amended Complaint because such action would be futile.

Even though the Court will not permit Watts to assert his negligence per se claim based on section 7-201.11 of the Idaho Food Code, the Court will permit the other changes in Watts' proposed Second Amended Complaint. Therefore, the Court will allow Watts to file his Second Amended Complaint without the negligence per se claim.

**ORDER**

IT IS HEREBY ORDERED:

1. Starbucks' Motion to Dismiss (Dkt. 17) is GRANTED IN PART and DENIED IN PART in accordance with the above decision.

2. Watts' Motion for Leave to File Second Amended Complaint (Dkt. 18) is GRANTED IN PART and DENIED IN PART in accordance with the above

decision. Watts shall file a Second Amended Complaint that complies with the above decision within fourteen days of the issuance of this Order.

DATED: March 12, 2018

_____
David C. Nye
U.S. District Court Judge